# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS MORRISON, individually and on behalf of all other similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**DEVRY UNIVERSITY, INC., and DOES 1-10, inclusive,**<br><br>Defendants. | 1:17-cv-00743-LJO-JLT<br><br>**MEMORANDUM DECISION AND ORDER DISMISSING PLAINTIFF'S CLAIMS UNDER THE RFDCPA** |

## I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Harris to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as

visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

## II. **INTRODUCTION**

This case involves claims for alleged violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civil Code. § 1788 *et seq.*, and the Servicemembers Civil Relief Act ("SCRA"). 50 U.S.C. § 3901 *et seq*. On June 6, 2017, Defendant DeVry University, Inc. ("Defendant") filed a motion to dismiss the RFDCPA claims. CM/ECF Document No. ("Doc.") 5. Plaintiff filed an opposition on July 10, 2017. Doc. 6. Defendant filed a reply on July 17, 2017. Doc. 7. For the following reasons, Plaintiff's RFDCPA claims are DISMISSED.

## III. **BACKGROUND**

The following facts are drawn from the complaint and filings in this matter, and are accepted as true only for the purpose of this motion to dismiss. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Plaintiff is a retired member of the armed services of the United States. Doc. 1 at 26, ¶ 4. Plaintiff was eligible for fully paid tuition at any college, university, or trade school through the Veterans Administration. *Id*. Plaintiff attended DeVry University, a for-profit university. *Id*. at 25, ¶ 3; 26, ¶ 5. On February 3, 2017, Defendant mailed to Plaintiff one or more collection letters ("the letters") attempting to collect a purported $60 debt which Defendant asserted was in default. *Id*. at 11, ¶¶ 15-16. In the letters, Defendant stated that "it is our intent to notify a national credit bureau that you are in default of your Devry [*sic*] University account" and that "[t]his notification could have an adverse effect on you when applying for a personal loan or credit cards." *Id*. at 11, ¶¶ 18-19 (emphasis omitted). Defendant also stated in the letters "I sincerely hope that you response [*sic*] because we do not like to adopt such drastic procedures that could have serious consequences and could result in unnecessary expense." *Id*. at 12, ¶ 20. The letters did not contain any statement of Plaintiff's rights under the RFDCPA or the Fair Debt Collection Practices Act ("FDCPA"), including Plaintiff's right to dispute the debt and right to a verification of the debt if the debt is disputed. *Id*. at ¶¶ 21-24. The letters also stated that "legal action is

being considered as state law applies." *Id.* at ¶ 25.

Plaintiff filed a complaint, alleging that the letters constituted violations of the RFDCPA, in the Superior Court of the State of California for the County of Kern ("Kern County Superior Court") on April 14, 2017. Doc. 1 at 8. On April 21, 2017, Plaintiff filed a separate complaint alleging violation of the SCRA in Kern County Superior Court, alleging that Defendant had acknowledged Plaintiff's military enlistment and agreed not to charge him directly for tuition. Doc. 1 at 25-27. On May 20, 2017, the Kern County Superior Court consolidated the RFDCPA and SCRA cases. Doc. 1 at 32. Also on May 30, 2017, Defendant filed a notice of removal of the consolidated case. Doc. 1.

### IV. **STANDARD OF DECISION**

A Rule 12(b)(6) motion challenges the legal sufficiency of the opposing party's pleadings. Dismissal of an action under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the pleading party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The inquiry is generally limited to the allegations made in the complaint. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To overcome a Rule 12(b)(6) challenge, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim is one which provides more than "a sheer possibility that a defendant has acted unlawfully." *Id.* A claim which is possible but not supported by enough facts to "nudge [it] across the line from conceivable to plausible . . . must be dismissed." *Twombly*, 550 U.S. at 570.

A complaint facing a Rule 12(b)(6) challenge "does not need detailed factual allegations [but] a

3

plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do." *Id*. at 555 (internal citations omitted). In essence, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id*. at 562. To the extent that any defect in the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend, unless the pleading "could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15, taking into account the purpose of Rule 15 to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

## V. <u>ANALYSIS</u>

Plaintiff alleges that Defendant violated the RFDCPA by engaging in conduct prohibited by sections of the FDCPA, specifically conduct prohibited by 15 U.S.C. §§ 1692d, 1692g(a)(3)-(4), and 1692e(4)-(5). Doc. 1 at 17-18, ¶¶ 42-43. The RFDCPA requires compliance with the provisions of the FDCPA, and a plaintiff may state a claim for violation of the RFDCPA by showing that a defendant violated provisions of the FDCPA, subject to statutory limitations. Cal. Civ. Code § 1788.17; *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012). As a general rule, whether an act "violates the [RFDCPA] turns on whether it violates the FDCPA." *Riggs*, 681 F.3d at 1100.

One important distinction between the RFDCPA and the FDCPA is how each defines a debt collector. A "debt collector," as defined in the RFDCPA, includes "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection," and therefore includes those collecting debts on their own behalf. Cal. Civ. Code § 1788.2(c); *Masuda v.*

4

*Citibank, N.A.*, 38 F. Supp. 3d 1130, 1134 (N.D. Cal. 2014). The FDCPA, on the other hand, designates as debt collectors only those persons who are attempting to collect on an obligation originally owed to another person. 15 U.S.C. § 1692a(6). The RFDCPA's definition of debt collector is therefore "broader and more inclusive than under the FDCPA because it allows for those collecting debts on their own behalf to be considered 'debt collectors.'" *Masuda*, 38 F. Supp. 3d at 1134.

**A.     RFDCPA Claim Premised on 15 U.S.C. § 1692g**

Defendant argues that Plaintiff's claims for violation of the RFDCPA due to non-compliance with §1692(g) must be dismissed because Plaintiff has not pled a cognizable claim. Doc. 5-1 at 10. Defendant, citing California Civil Code § 1788.17, asserts that the RFDCPA specifically exempts entities attempting to collect their own debts from compliance with § 1692g. *Id*. at 9-10. Plaintiff offers no rebuttal to Defendant's RFDCPA arguments. Doc. 6 at 11-14.[1]

Section 1692g requires a debt collector to provide to a consumer, within five days after an initial communication, a written notice including:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). The notice required by § 1692g "is commonly referred to as a 'validation'

---

[1] Plaintiff argues in his opposition that Defendant is liable for violations of § 1692g under the FDCPA, but Plaintiff's complaint does not allege any violations of the FDCPA, except as incorporated by the RFDCPA. Doc. 1 at 8-12; Doc. 6 at 11-14.

notice." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 991 (9th Cir. 2017).

The RFDCPA provides that debts collectors, including creditors collecting their own debts, must generally comply with the provisions of the FDCPA, but exempts "any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal." *Id*. The persons specified in the aforementioned paragraphs are "any officer or employee of a creditor while, in the name of the creditor, collecting debts for [a creditor named in § 1692a(6)]," and "any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts." 15 U.S.C. § 1692a(6)(A)-(B). In plain English, § 1692a(6)(A) refers to "creditors collecting money on their own behalf." *Marcotte v. General Elec. Capital Servs.*, 709 F. Supp. 2d 994, 998 (S.D. Cal. 2010). In enacting the RFDCPA, California elected to require that creditors collecting their own debt comply with the FDCPA generally but chose not to require compliance with the initial disclosure and debt validation provisions found at § 1692e(11) and § 1692(g), respectively. The RFDCPA, therefore, does not require that entities collecting on their own debts comply with § 1692g. As Defendant was collecting its own debt, and is therefore not subject to § 1692g under the RFDCPA, Plaintiff's RFDCPA claim premised on violations of § 1692g are DISMISSED. Amendment of this claim would be futile, and leave to amend is consequently denied. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

**B.      RFDCPA Claim Premised on 15 U.S.C. §§ 1692e(4) and (5)**

Defendant contends that Plaintiff has failed to state a claim for violation of the RFDCPA under 15 U.S.C. §§ 1692e(4) and (5), arguing that the complaint does not plead facts establishing a violation of either section. Doc. 5-1 at 11. Plaintiff argues that by including the statement "I sincerely hope that you response [*sic*] because we do not like to adopt such drastic procedures that could have serious consequences and could result in unnecessary expense" the letters threaten litigation which Defendant

did not intend to initiate. Doc. 6 at 16-18. Defendant also argues that Plaintiff did not address its arguments regarding § 1692(e)(4), and has therefore waived the claim. Doc. 7 at 4-5.

As a preliminary matter, while Plaintiff did not respond in any great detail to Defendant's arguments regarding § 1692e(4), Plaintiff did briefly touch on that subsection and on the allegations which he believes constitute a violation. *See* Doc. 6 at 15. Therefore, the Court finds that Plaintiff has not waived his §1692e(4) claim.

Section 1692e, as applied through the RFDCPA, bars debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Specific conduct prohibited by § 1692e includes, but is not limited to, "[t]he representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action," and "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. §§ 1692e(4)-(5).

In considering whether a statement in a debt collection communication violates the FDCPA, courts apply the "least sophisticated debtor" standard. *Guerrero v. RJM Acquisitions, LLC*, 499 F.3d 926, 934 (9th Cir. 2007). "An FDCPA plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the hypothetical 'least sophisticated debtor' likely would be misled." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1117-18 (9th Cir. 2014), *as amended on denial of reh'g and reh'g en banc* (Oct. 31, 2014). "The standard is designed to protect consumers of below average sophistication or intelligence, or those who are uninformed or naïve, particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) (internal quotation marks and citation omitted). "At the same time, the standard preserv[es] a quotient of reasonableness and presume[s] a basic level of understanding and willingness to read with care." *Id.* (internal quotation marks and

citation omitted). "The FDCPA does not subject debt collectors to liability for 'bizarre,' 'idiosyncratic,' or 'peculiar' misinterpretations." *Id*. Whether a communication would confuse the least sophisticated debtor is a question of law. *Id*. at 1061 & n.3 (citation omitted); *see also Tourgeman*, 755 F.3d at 1118 (holding that the "least sophisticated debtor" standard "inquiry is objective and is undertaken as a matter of law"); *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997) (same).

Only false and misleading statements that are material will trigger a violation of the FDCPA. Such statements must be "genuinely misleading" and "frustrate the consumer's ability to intelligently choose his or her response to the collector's communication." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033-34 (9th Cir. 2010); *see also Tourgeman*, 755 F.3d at 1119 ("[i]n assessing FDCPA liability," courts are concerned "with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response") (internal quotation marks and citation omitted).

The Court finds that Plaintiff's complaint does not allege sufficient facts to state claims for violations of §1692e(4) and § 1692e(5). To survive a Rule 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The "least sophisticated debtor" could reasonably have taken Defendant's statement that "we do not like to adopt such drastic procedures that could have serious consequences and could result in unnecessary expense" and that "legal action is being considered as state law applies" as implying that legal action or actions including garnishment or seizure of Plaintiff's wages or property. However, threats to sue or of garnishment are prohibited by the FDCPA only if the threatening party has no legal right to take such actions. *See* 15 U.S.C. §§ 1692e(4)-(5). Plaintiff does not allege any facts which would allow the Court to determine whether Defendant's alleged threats were unlawful or that Defendant had no intention of acting on them, apart from a conclusory statement that "Defendant threatened to take actions that are not lawful or that Defendant has no intent on [*sic*] taking." Doc. 1 at 13 ¶ 26. This conclusory statement does not meet the pleading requirements of Rule 8(a)(2), and accordingly Plaintiff has failed to state a claim for violations of §§ 1692e(4) and (5). These claims are DISMISSED with leave to amend.

**C. RFDCPA Claim Premised on 15 U.S.C. § 1692d**

Section 1692d prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. This may include using threats, profane language, advertisements to sell the debt to coerce payment, and repeatedly placing phone calls with intent to harass or annoy. *See id*.

Plaintiff's sole factual allegation related to this claim is that "as a direct and proximate result of Defendants [*sic*] RFDCPA violations, Plaintiff felt harassed, anxious, and annoyed." Doc 1 at 12 ¶ 26. This is not a sufficiently detailed factual allegation to meet the pleading requirement of Rule 8(a)(2). Therefore, the Court finds that Plaintiff has failed to state a claim for violation of § 1692d. This claim is DISMISSED with leave to amend.

## VI. CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. Plaintiff's RFDCPA claim premised on 15 U.S.C. § 1692g is DISMISSED WITHOUT LEAVE TO AMEND. Plaintiff's RFDCPA claim premised on 15 U.S.C. §§ 1692e(4) and (5), as well as Plaintiff's RFDCPA claim premised on 15 U.S.C. § 1692d, are DISMISSED WITH LEAVE TO AMEND as explained above. Any amended complaint shall be filed within twenty (20) days of electronic service of this Memorandum Decision and Order.

IT IS SO ORDERED.

Dated: **August 25, 2017**          /s/ Lawrence J. O'Neill
                                    UNITED STATES CHIEF DISTRICT JUDGE